UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEPHANIE H. McADAMS AND GORDON McADAMS                        PLAINTIFFS

V.                                        CIVIL ACTION NO. 1:06cv463-LTS-RHW

USAA CASUALTY INSURANCE COMPANY                                DEFENDANTS
AND BANCORPSOUTH BANK

**ORDER**

There are several motions *in limine* pending in this matter filed by Defendant USAA Casualty Insurance Company (USAA). The following are shown on the Court's motions report: [51] USAA's *in limine* regarding miscellaneous preliminary matters; [52] USAA's motion to preclude evidence of or reference to Plaintiffs' claims for extra-contractual damages prior to a finding of the underlying contractual liability; [53] USAA's motion to exclude evidence of or references to any government investigation relating to the insurance industry's response to Hurricane Katrina, and other lawsuits; [54] USAA's motion to preclude testimony by Plaintiffs as to causes of damage; [55] USAA's motion to preclude testimony or evidence relating to interpretation of insurance policy provisions or principles of Mississippi law; [56] USAA's motion to require that any judgment against USAA be fashioned to protect USAA from dual exposure to damages; [57] USAA's motion to preclude lay witness testimony regarding tornados; [58] USAA's motion to preclude Plaintiffs from mentioning or introducing evidence of USAA's motion in its Answer to change or transfer venue; and [59] USAA's motion to bifurcate proceedings. Plaintiffs have responded [60] [61] [62] [63] [64] [65] [66] [67] [68] to all of the above.

USAA's generic [51] motion *in limine* (consisting of 32 sub-parts in a form unfamiliar to the Court, containing no argument and legal authority, and unaccompanied by a supporting memorandum; Plaintiffs have no objections to approximately a third of the topics) does not comply with the local rules requiring "a memorandum of authorities upon which counsel relies." While this rule can be dispensed with when the motion bears some semblance to a legal brief, USAA's [51] motion falls woefully short.

Of course, counsel for the parties are welcome to conduct themselves at trial in a manner consistent with the areas on which there are no objections. Indeed, this is encouraged. As to those issues on which there is not agreement, the Court will rule on objections as they are raised at trial.

As for the [59] bifurcation motion, this Court, consistent with its prior rulings and in accordance with state law (Miss. Code Ann. § 11-1-65), will conduct separate proceedings at trial

with respect to the coverage claim, on the one hand, and the punitive/extra-contractual damages issue, on the other.  However, Plaintiffs will be allowed to address punitive/extra-contractual damages in *voir dire*, and if the jury is given a punitive damages instruction, all counsel will be able to make a separate statement on that issue.  To that extent, USAA's [52] motion attempting to completely muzzle Plaintiffs' counsel is not well taken.

It is difficult to envision a breach of an insurance contract lawsuit without consideration of the policy provisions or the procedure utilized in handling the claim.  *See, e.g., Richards v. Allstate Insurance Co.*, 693 F.2d 502 (5th Cir. 1982); *Eichenseer v. Reserve Life Insurance Co.*, 682 F. Supp. 1355 (N.D. Miss. 1988), *aff'd*, 881 F.2d 1355 (5th Cir. 1989), *vacated on other grounds*, 499 U.S. 914 (1991); *Independent Life & Accident Insurance Co. v. Peavy*, 528 So. 2d 1112 (Miss. 1988); *Standard Life Insurance Company of Indiana v. Veal*, 354 So. 2d 239 (Miss. 1977).  This would be the case even if punitive or extra-contractual damages were not sought.

Plaintiffs concede that testimony concerning the interpretation of policy provisions is not appropriate, and therefore agree to the relief requested in USAA's [55] motion.  The interpretation of policy provisions is within the province of the Court, not the jury.  However, Plaintiffs will be allowed to introduce evidence concerning the manner in which Defendant handled this claim (keeping in mind that the Court will instruct the jury on the applicable law, whether that relates to the policy provisions or the procedure adopted by USAA in applying them.

Plaintiffs also concede the relief requested in USAA's [53] [58] motions relating respectfully to any government investigation of the insurance industry's response to Hurricane Katrina or other lawsuits, and USAA's request for a change/transfer of venue.  Those motions will be granted.

On USAA's [54] [57] motions with respect to Plaintiffs' testimony concerning cause of damage and the exclusion of lay testimony regarding tornados, Plaintiffs maintain that they have first-hand knowledge of wind damage to their home in the form of loose and missing shingles, damage from an oak tree falling on and puncturing the roof, and water damage caused by leakage or rainwater.  They are entitled to testify to their observations.  Plaintiffs also indicate that they will call witnesses who personally saw tornados in the subdivision where Plaintiffs live.  This goes to the weight or credibility of the testimony, not its admissibility.

Finally, although Plaintiffs agree in the theory, the Court finds USAA's [56] motion to protect itself from potentially dual exposure to damages to be premature.  That bridge will be crossed if it is reached.

Accordingly, **IT IS ORDERED**:

Defendant's motions [51] [56] *in limine* are **DENIED**, **WITHOUT PREJUDICE** to objections being made contemporaneously at the appropriate time at trial, and proper measures being taken to fashion any judgment.

USAA's [52] motion to preclude any reference to punitive/extra-contractual damages prior to a finding of contractual liability and [59] motion to bifurcate proceedings are **GRANTED IN PART AND DENIED IN PART**, consistent with the above comments and with Plaintiffs' being allowed to address the issue of punitive/extra-contractual damages in *voir dire* subject to further direction from the Court.  Separate statements will be made by counsel at the beginning of each phase of the trial (i.e., the determination of the underlying coverage/contractual claim and the entitlement to punitive/extra-contractual damages).

USAA's [53] [55] [58] motions *in limine* are **GRANTED**.

USAA's [54] [57] motions *in limine* are **DENIED**.

**SO ORDERED** this the 10th day of September, 2007.

        s/ L. T. Senter, Jr.
        L. T. SENTER, JR.
        SENIOR JUDGE